## BELL v. BELL.

1. A note for $500, payable twelve months after date "with interest at the rate of one and one-half per cent. per month" draws the stipulated interest until maturity, but only the legal rate thereafter.

2. Judgment having been obtained upon this note against the executor of the maker for more than was actually due, legatees under the will of the maker are concluded by the judgment, and cannot prevent a sale of their testator's property thereunder.

3. Testator having, by his will, directed his executor to sell his lands at the executor's option in such manner as he shall think best, the net proceeds thereof to be equally divided between testator's children, the direction to sell was absolute, the land was converted into personalty, and the children were legatees and not devisees.

4. Whether the executor himself might not have the erroneous calculation of interest in the judgment corrected by a proper proceeding for that purpose, is a question not raised in this appeal.

Before WITHERSPOON, J., Kershaw, February, 1885.

The opinion sufficiently states the case.

*Messrs. W. H. R. Workman* and *J. T. Hay*, for appellants.

*Mr. W. D. Trantham*, contra.

June 25, 1886. The opinion of the court was delivered by

MR. JUSTICE McIVER. This action was originally commenced sometime in the year 1880, for the purpose of settling up the estate of W. B. Huckabee, according to the terms of his will. On February 10, 1879, the respondent, John M. Mickle, recovered a judgment by default against A. A. Huckabee, as administrator of the estate of W. B. Huckabee, on a note of which the following is a copy:

"$500.00.        CAMDEN, January 10, 1874.

"Twelve months after date we, or either of us, promise to pay to J. T. Mickle, or bearer, five hundred dollars, with interest at the rate of one and one-half per cent. per month, for value received. Witness our hands and seals.

         "J. J. HUCKABEE, [L. S.]
         "W. B. HUCKABEE, [L. S.]"

Credited as follows: "January 15, 1875. Received ninety dollars on the within note, interest for one year, ending January 10, 1875. February 10, 1876. Received on the within ninety dollars, interest to January 10, 1876," both of which credits are signed by the payee, J. T. Mickle. By the terms of the will of the testator, his executor was directed to sell all of the estate both real and personal, and divide the net proceeds amongst the six children of the testator named in the will; and testator's son, A. A. Huckabee, was appointed executor, duly qualified as such, sold the estate, and, according to his returns, appears to be indebted to the estate in an amount more than sufficient to pay the judgment above referred to.

On February 5, 1882, the judgment creditor, John M. Mickle, had a house and lot in the town of Camden sold under his said judgment, and the proceeds of sale not being sufficient to satisfy the same, he subsequently caused the sheriff to levy upon another piece of real estate belonging to the testator, to satisfy the balance due on his judgment. Thereupon the parties interested under the will of W. B. Huckabee filed a supplemental complaint, alleging these facts, and the further fact that the judgment was taken for a much larger amount that was really due on the note, inasmuch as, in ascertaining the amount, interest was calculated, after the maturity of the note at the rate of 18 per cent. per annum, to the date of the judgment, instead of at 7 per cent., as it should have been, and asking that the judgment be reformed accordingly, and in the meantime the judgment creditor, John M. Mickle, who was made a party defendant to the supplemental complaint, be enjoined from enforcing the judgment. In addition to this a notice, bearing date July 12, 1884, signed by the attorney for the plaintiffs in the action, and by the attorney for A. A. Huckabee, as executor of W. B. Huckabee, addressed to the judgment creditor, John M. Mickle, seems to have been served, to the effect, "that on the hearing of this case a motion will be made, upon the part and behalf of the defendant, A. A. Huckabee, executor of the last will and testament of W. B. Huckabee, deceased, and the heirs of his estate, to modify and reduce" the judgment hereinbefore referred to by correcting the alleged erroneous computation of interest. To this supplemental

complaint the judgment creditor answered, denying the right of the parties to review and revise his judgment, or to have same reformed and reduced, claiming that the judgment was properly and legally entered, and for no more than was justly due.

All the issues of law and fact were referred to the master for trial, who made his report setting out the facts in detail, and finding as his conclusions of law: 1st. That the lands of a testator can be sold under a judgment against the executor. 2nd. That the legatees had no right to be made parties to the action in which the Mickle judgment was recovered, the executor being the only proper party. 3rd. That A. A. Huckabee, the representative of the estate of Willis B. Huckabee, is bound by the said judgment, and cannot now in this action have the same reformed or reduced. 4th. That A. A. Huckabee, the executor, being bound, the legatees named in the third item of the will of the testator, being his privies in estate and represented through him, are also bound. 5th. That the said judgment, as the judgment of a competent court having jurisdiction of the subject matter, is absolutely conclusive against all the parties and must stand as rendered. 6th. That the interest did not commence to run on said note until after its maturity, and then according to its terms at the rate of one and a half per cent. per month."

To this report the attorney for the plaintiffs and the attorney. for the executor, A. A. Huckabee, excepted as follows: "They except to the master's 3rd, 4th, 5th, and 6th conclusions of law as being erroneous, and so far as the third conclusion of law is concerned, because no point was made before the master *as to the way* in which these questions are brought up." Upon this report and these exceptions the case came on for hearing before Judge Witherspoon, who held, in substance, that the Mickle judgment was conclusive and cannot be assailed by the plaintiffs in this action. He then went on to say: "I cannot, however, concur with the master in his conclusions as to the interest on the note, as I think the note drew interest at the rate of one and one-half per cent. per month, from date up to maturity, and only the legal rate of interest after maturity. It is ordered and adjudged that the report of the master in the above case, filed December 31, 1884, be confirmed and become the judgment of this court,

except as to the sixth (6th) conclusion of law, with reference to the interest upon the note, and plaintiffs' exception to said sixth conclusion is sustained, and all other exceptions to said report be overruled," and then proceeded to order that the injunction previously granted restraining the judgment creditor from proceeding to enforce his judgment be dissolved.

From this judgment plaintiffs appeal upon the ground that the Circuit Judge having determined that the interest on the note was erroneously calculated, should have directed the same to be corrected, and that he erred in holding that the judgment was conclusive in the sense that it could not be so corrected. The judgment creditor also appeals, upon the ground that the judge erred in holding that the interest was erroneously calculated upon the note, and upon the further ground that the judgment is conclusive as to the heirs and distributees of W. B. Huckabee and cannot be reviewed or reformed under these proceedings. The executor, A. A. Huckabee, does not appear to have appealed.

We will first consider the appeal of the judgment creditor, Mickle. We think it clear that his first ground cannot be sustained. The question in all such cases is, what was the intention of the parties, as gathered from the terms used in the written contract sued upon? We look, in vain, into the terms of this note for any word indicating an intention that the makers undertook to pay anything more than the legal rate of interest after the maturity of the note. It is nothing more than a promise to pay a certain sum of money, with a specified rate of interest, at a future specified time, without a single word indicating what shall be the rate of interest, or whether, indeed, there shall be any, after that time arrives. It is in effect a promise to pay five hundred and ninety dollars twelve months after the date, and the liability to pay any interest after that date only arises by operation of law, and not by virtue of express contract, by which alone can a rate greater than the usual legal rate be claimed.

The other grounds presented by this appellant are taken under a misconception of the true intent and effect of the Circuit decree, or perhaps out of abundance of caution; for we think that the judgment appealed from really establishes the very positions contended for in the second and third grounds of appeal presented

by the judgment creditor, Mickle. The Circuit Judge holds in terms, "that the Mickle judgment is conclusive and cannot be assailed by plaintiffs in this proceeding." He then orders and adjudges that the report of the master, except as to his sixth conclusion of law, with reference to the proper mode of computing the interest, "be confirmed and become the judgment of this court," and finally directs that the injunction previously granted restraining the judgment creditor from enforcing his judgment be dissolved. Now, when it is seen that the master in his fifth conclusion of law, which has been confirmed and made the judgment of the court, had found that the judgment in question "is absolutely conclusive against all the parties, and must stand as rendered," it is quite clear that this appellant has no cause of complaint against the judgment appealed from, as it gives to him everything he demands by his second and third grounds of appeal.

What was said in the Circuit Judge's decree as to the sixth conclusion of law reached by the master, was, no doubt, for the purpose of negativing the idea that the Circuit Judge concurred with the master as to the construction which he placed upon the terms of the note, añd not for the purpose of affecting his general conclusion as to the issues involved. The question presented for adjudication was whether the judgment could be reformed in this proceeding. This involved two inquiries: 1st. Whether there was error in the judgment; and, 2nd, if so, whether such error could now be corrected. The master determined the general question adversely to the plaintiffs for two reasons: 1st, because the judgment was conclusive and could not be inquired into, and, 2nd, because if inquired into, no error would be found. The Circuit Judge, while affirming the general conclusion of the master, for the first reason given by him, simply denied the sufficiency of the second reason relied on by that officer.

We come now to consider the appeal on the part of the plaintiffs, whom we regard as legatees of the judgment debtor, W. B. Huckabee. By the third clause of the will the executor is directed to "sell all my estate, real and personal, not hereinbefore disposed of, at his own option, in such manner as he shall think best, at private or public sale, and the net proceeds thereof

shall be equally divided between my six children," &c. Thus it will be observed there is nothing given to the children but the proceeds of the sale, and they are therefore to be regarded simply as legatees. It is a mistake to suppose, as has been argued, that this direction to the executor to sell was not absolute and positive, but simply discretionary, and therefore cannot have the effect of converting the realty into personalty. The only discretion conferred upon the executor was as to the manner of making the sale, and not as to whether he should or not make the sale, for nothing is given to the children but the proceeds of the sale. This being so, we think it clear under the cases of *Fraser & Dill* v. *City Council of Charleston* (19 *S. C.*, 384), and *Huggins* v. *Oliver* (21 *Id.*, 147), that the plaintiffs as legatees could not assail this judgment recovered against the legal representative of the testator. He was the only proper party to the action in which it was recovered and it is conclusive against him and the plaintiffs who are his privies.

Whether the executor himself might not by a proper proceeding for that purpose under the authority of the cases of *Mooney* v. *Welsh*, 1 *Mill. Con. R.*, 133; *Bank* v. *Condy*, 1 *Hill*, 209; *Patton* v. *Massey*, 2 *Hill*, 475; *Ashmore* v. *Charles*, 14 *Rich.*, 63, and other cases of that class, have any errors of the kind complained of rectified, is a question not presented by this appeal, and cannot, therefore, now be considered. It is true, that the executor did unite with the plaintiffs in giving notice of a motion to have the judgment reformed by a proper calculation of the interest, but this does not seem to have been followed up by any application by the executor for an order to that effect. On the contrary, no further notice seems to have been taken of it. There is nothing said in the report of the master in reference to it, and no exception to his report bringing this question to the attention of the Circuit Judge. Accordingly we do not find it alluded to in his decree, and there is no appeal from his decree *by the executor*. Under these circumstances we are not at liberty to consider it.

The judgment of this court is, that the judgment of the Circuit Court, as herein construed, be affirmed.